IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>*Plaintiffs,*<br>v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION<br>100 F St. N.E.<br>Washington, D.C. 20549<br><br>*Defendant.* | Case No. 24-1004 |

**COMPLAINT AND PRAYER FOR DECLARATORY
AND INJUNCTIVE RELIEF**

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant SECURITIES AND EXCHANGE COMMISSION ("SEC") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, to compel the production of certain records related to *SEC v. Digital Licensing, Inc. et al.*, 2:23-cv-482 (RJS) (D. Utah) ( "The Case"). *See* Plaintiff's FOIA Request, 24-01250-FOIA (Feb. 9, 2024) ("Request" or "Plaintiffs' FOIA Request") (Ex. 1).

1

## PARTIES

2.      Plaintiff, The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, About Heritage, https://www.heritage.org/about-heritage/mission (last visited Apr. 2, 2024).  Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public.  Heritage operates a national news outlet, *The Daily Signal*.

3.      Plaintiff Mike Howell leads The Heritage Foundation's Oversight Project and is an author for The Daily Signal.  The Oversight Project is an initiative aimed at obtaining information via FOIA requests and other means in order to best inform the public and Congress for the purposes of Congressional oversight.  "The requests and analyses of information are informed by Heritage's deep policy expertise.  By its nature, the Oversight Project is primarily engaged in disseminating information to the public." Oversight Project, *found at* https://www.heritage.org/oversight (last visited Apr. 2, 2024); Oversight Project (@OversightPR), X (last visited Apr. 2, 2024), https://twitter.com/OversightPR.  Staff for the Oversight Project routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.

4.      Defendant SEC is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission statement is "protecting investors, maintaining fair, orderly, and efficient markets, and facilitating capital formation."  About the SEC; Mission, *found at* https://www.sec.gov/about/mission (last visited Apr. 2, 2024).

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant SEC's principal place of business is in the District of Columbia.

**PLAINTIFFS' FOIA REQUEST**

7. Plaintiffs submitted the Request on February 9, 2024.

8. The Request sought records related to *SEC v. Digital Licensing, Inc. et al.*, 2:23-cv-482 (RJS) (D. Utah). Request at 1. Specifically, the Request sought records related to Chief Judge Robert J. Shelby's Order for the SEC to Show Cause why the court should not sanction SEC attorneys for "apparent misrepresentations" and failure to rectify those known misleading statements, *inter alia*. *Id*.; *see also* Order to Show Cause, at 14, *SEC v. Digital Licensing, Inc. et al.*, 2:23-cv-482 (RJS) (DBP) (D. Utah Nov. 30, 2023) (ECF No. 215) (Ex. 2).

9. The Request sought:

1. All records relating to *SEC v. Digital Licensing, Inc. et al.*, 2:23-cv-482 (RJS) (D. Utah) for which:

    a. Any Commissioner is custodian.
    b. The Executive Secretary is custodian.
    c. Gurbir S. Grewal is custodian.

2. All communications with Congress relating to *SEC v. Digital Licensing, Inc. et al.*, 2:23-cv-482 (RJS) (D. Utah).

3. All communications with any member of the media relating to *SEC v. Digital Licensing, Inc. et al.*, 2:23-cv-482 (RJS) (D. Utah).

4. All records notating, memorializing, or summarizing a communication, or a portion thereof, responsive to Specifications 3–4, herein.

5. All record Tracy Combs relied upon in making the sworn statement "I am privileged to serve as the Regional Director of the SEC's Salt Lake Office, and I am committed to making sure that our office does not fail in this regard again." Declaration of Tracy Combs at ¶ 7, *SEC v. Digital Licensing, Inc. et al.*, 2:23-cv-482 (RJS) (D. Utah Dec. 20, 2023) (ECF No. 233-4).

6. All records related to Gurbir S. Grewal's "review [of] the Division's processes to ensure that the issues raised in this matter are addressed and do not come up again." Declaration of Gurbir S. Grewal at ¶ 7, *SEC v. Digital Licensing, Inc. et al.*, 2:23-cv-482 (RJS) (D. Utah Dec. 20, 2023) (ECF No. 233-6) ("Grewal Declaration").

7. All records related to the "several steps" referenced in the Grewal Declaration at ¶ 6. *See id.* (" At my direction, the Division is also taking several steps to ensure the errors that occurred in this case are not repeated in this action or any other proceeding. ").

8. All records related to the "mandatory training" referenced in the Grewal Declaration at ¶ 6. *See id.* ("In January 2024, the Division will conduct mandatory training for all Division staff involved in investigating and litigating enforcement matters—including investigative and trial attorneys, accountants, and supervisory personnel—on our professional responsibilities, the high standards to which we must adhere as government attorneys and employees, and the unique considerations that apply when seeking emergency relief, in particular on an *ex parte* basis. This training will be led by experienced supervisory trial counsel.").

Request at 1–2; *see also* Declaration of Gurbir S. Grewal, *SEC v. Digital Licensing, Inc. et al.*, 2:23-cv-482 (RJS) (D. Utah Dec. 20, 2023) (ECF No. 233-6) (Ex. 3); Declaration of Tracy Combs, *SEC v. Digital Licensing, Inc. et al.*, 2:23-cv-482 (RJS) (D. Utah Dec. 20, 2023) (ECF No. 233-4) (Ex. 4).

10. The Request sought a fee waiver based on Heritage's status as a not-for-profit and the fact that a purpose of the Request was to allow Heritage to gather information on a matter of public interest for (among other things) use by authors of its publication, *The Daily Signal*, which is a major news outlet. *Id*. at 4–5.

11. The Request also sought production of records in partial responses as soon as they became available. *Id*. at 4

12. After Plaintiffs filed the Request, Judge Shelby denied the SEC's motion to dismiss without prejudice and imposed sanctions against the SEC for "bad faith conduct in obtaining, maintaining, and defending the TRO," because the SEC's "conduct constitute[d] a gross abuse of the power entrusted to it by Congress and substantially undermined the integrity of these proceedings and the judicial process . . . ." *See* Memorandum Decision and Order at 2, 73, *SEC v. Digital Licensing, Inc. et al.*, 2:23-cv-482 (RJS) (DBP) (D. Utah Nov. 30, 2023) (ECF No. 275) (Ex. 5).

**DEFENDANT'S CONSTRUCTIVE DENIAL**

13. Defendant acknowledged receipt of the Request on January 24, 2024.  *See* Letter to Mike Howell (Jan. 24, 2024) ("Acknowledgment Letter") (Ex. 6).

14. Defendant sent a fee waiver acceptance letter on January 25, 2024.  *See* Letter to Mike Howell (Jan. 25, 2024) (Ex. 7).

15. On January 25, 2024, Defendant sent Plaintiffs an email saying that the status of the Request had been updated to "In Process."  Email from SEC to Plaintiffs (Jan. 25, 2024) (Ex. 8).

16. Defendant has not made a determination on the Request.

17. Twenty working days from January 24, 2024, is February 22, 2024.

**FIRST CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

18. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

19. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General,

5

*Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

20. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

21. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

22. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

23. Defendant's failure to conduct searches for responsive records violates FOIA and SEC regulations.

24. Plaintiffs have a statutory right to the information they seek.

25. Defendant is in violation of FOIA.

26. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

27. Plaintiffs have no adequate remedy at law.

28. Plaintiffs have constructively exhausted their administrative remedies.

**SECOND CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

29. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

30. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

31. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

32. Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

33. Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' FOIA Request.

34. Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

35. Defendant's failure to provide all non-exempt responsive records violates FOIA and SEC regulations.

36. Plaintiffs have a statutory right to the information they seek.

37. Defendant is in violation of FOIA.

38. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

39. Plaintiffs have no adequate remedy at law.

40. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

B. Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

C. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Requests;

D. Retain jurisdiction over this matter as appropriate;

E. Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

F. Grant such other and further relief as this Court may deem just and proper.

Dated:  April 9, 2024                                Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email: samueledewey@sedchambers.com

DANIEL D. MAULER
(No. 977757)
The Heritage Foundation
Telephone: (202) 617-6975
Email: Dan.Mauler@heritage.org

KYLE BROSNAN
(No. 90021475)
The Heritage Foundation
Telephone: (202) 608-6060
Email: Kyle.Brosnan@heritage.org

ERIC NEAL CORNETT
(No. 1660201)
Law Office of Eric Neal Cornett
Telephone: (606) 275-0978
Email: neal@cornettlegal.com

*Counsel for Plaintiffs*